## ELISHA FAXON *vs.* HENRY DURANT.

A gift of a chattel, accompanied by delivery to the donee, passes the property, as against the donor and his heirs.

A debtor assigned the property described in a schedule, in trust for his creditors, and afterwards delivered to the assignee a chattel not included in the schedule, either knowing that it was not so included therein, or intending, whether it was so included or not, that it should be appropriated to the benefit of his creditors. *Held*, that the property in the chattel passed to the assignee, in trust for the creditors, and that the assignor could not reclaim it.

TRESPASS for taking and carrying away a silver watch. Trial in the court of common pleas, before *Williams*, C. J.

It appeared at the trial, that the defendant had assigned to the plaintiff, in trust for the defendant's creditors, certain articles of property, by an instrument which contained the following clause: " The said party of the first part " (the defendant) " doth, by these presents, grant, bargain, sell, convey, assign, transfer and set over, unto the said party of the second part," (the plaintiff,) " and his assigns, all the stock in trade, goods, wares and merchandize, debts, choses in action, property and effects, of every description, belonging to him the said party of the first part, or in which he has any right or interest whatsoever, mentioned, contained and referred to in the schedule hereto annexed, marked A, excepting, however, furniture not exceeding in value three hundred dollars." At the end of the said instrument was the following clause: " And it is understood, that any additions, corrections and alterations may be made in the schedule hereto annexed, for the more full and accurate specification of the matters and things therein contained, or intended to be contained."

The evidence tended to prove that the defendant had no copy of said instrument or schedule, and that he, about two months after the execution of the instrument, delivered the watch in question to the plaintiff, saying that it cost him twenty five dollars; that it would not amount to much to his creditors, but that he would give ten dollars for it; that the plaintiff thereupon received it, and made an entry of it in a schedule which he made and kept, in a small book, of goods, &c., as

they were, from time to time, delivered to him, or came to his possession, under said assignment; that the defendant, thereafter, calling at the plaintiff's store, obtained liberty from him to look at said instrument and schedule, and after looking at them for a while, retook the watch, which was then hanging near, and kept it; for which taking this action was brought.

It also appeared at the trial, that the watch was not mentioned or referred to in the said instrument or schedule.

Upon the foregoing evidence, the court instructed the jury as follows : 1st. That if the defendant, at the time of delivering the watch to the plaintiff, knew that it was not included in the schedule annexed to his assignment, but still intended to deliver it, and did deliver it, for the benefit of his creditors, in the same manner as if it had been included in said schedule, and the plaintiff accepted it for that purpose, the property in the watch passed thereby, and the plaintiff was entitled to recover. 2d. That if the defendant, without reference to said schedule, intended, whether it was included in the schedule or not, to transfer and deliver, and did deliver, the same to the plaintiff, as his assignee, and for the use and benefit of his creditors, and the plaintiff accepted it for their benefit, the property passed to the plaintiff thereby, and he would be entitled to recover. 3d. But if the defendant delivered it under a mistaken belief that it was included in said schedule and assignment, and delivered it merely in execution of his supposed obligation under said assignment, the property therein did not pass thereby, and the retaking by the defendant was rightful, and he was entitled to a verdict.

A verdict was found for the plaintiff, and the defendant alleged exceptions.

*Plimpton,* for the defendant.

*Park,* for the plaintiff.

SHAW, C. J. The instruction, we think, was right. A con sideration is not necessary to give effect to a gift. A gift of personal property, accompanied by actual delivery, passes the

property as against the donor and his heirs. 2 Bl. Com. 441. 4 Dane Ab. 123. Whether the watch was embraced in the assignment or not, by referring to the schedule as it was, or as it should be amended, if the debtor gave the watch to the assignee, and delivered it, referring to the assignment, as indicating that he should have the proceeds, in trust for the creditors, the legal property vested in the plaintiff.

*Exceptions overruled.*